CASE 86—PROCEEDING TO CONDEMN PROPERTY—MAY 2.

# Board of Park Com'rs. of Louisville v. duPont, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

EMINENT DOMAIN—CONDEMNATION OF PROPERTY FOR PARK—REPEAL OF
    STATUTE—FAILURE OF STATUTE TO PRESCRIBE COURSE OF PROCED-
    URE.

Held:    1. Act of May 6, 1890, authorizing the condemnation of
    property for park purposes, and specifically providing how the
    condemnation proceedings should be instituted and conducted,
    was repealed by the charter of cities of the first class, which
    authorizes the board of park commissioners to condemn prop-
    erty, without prescribing the course of procedure further than
    to require that the proceeding shall be instituted by the filing
    of a petition.
2. Kentucky Statutes, section 2852, part of charter of cities of the
    first class, which provides that the board of park commis-
    sioners may order the condemnation of property, is valid,
    though the course of procedure is not prescribed further than

to require that the proceeding shall be instituted by the filing of a petition; the court having power to regulate the additional procedure according to the course of the common law.

JUDGE GUFFY DISSENTING.

H. L. STONE, CITY ATTORNEY, FOR APPELLANTS.

This action was brought for the purpose of condemning, for park purposes, a tract of land situated within the limits of the city of Louisville, known as Central Park, containing about eighteen acres. Warning orders were made against all the defendants who were non-residents. Margaretta Elizabeth Coleman and Zara duPont, who were residents of the city of Louisville, were served with summons. Four of the non-resident defendants were infants and a guardian *ad litem* was appointed to defend for them.

The guardian *ad litem* for the infant defendants filed a special demurrer to the petition on the following grounds:

1. That the court had no jurisdiction of said infant defendants.

2. That the court had no jurisdiction of the subject of the action.

The appellees, T. C. & A. B. duPont, individually and as trustees, also filed their general demurrer to the petition on the grounds (1) that the court had no jurisdiction and (2) the petition did not state facts sufficient to constitute a cause of action against them or either of them. The court sustained the demurrer to the original and to the petition as amended and dismissed the action. The correctness of the courts ruling on the demurrers furnishes the sole ground of this appeal.

The vital question on this appeal is whether the provisions of the act of the Kentucky Legislature approved May 6, 1890, have been repealed by implication by an act entitled "An act for the Government of Cities of the first class approved July 1, 1893, sections 2840 to 2859, Kentucky Statutes.

We claim that the mode of condemnation in the Act of May 6, 1900, has not been repealed.

AUTHORITIES CITED.

Acts of 1889-90, vol. 3, page 267 (May 6, 1890); Ky. Stats., secs. 2831, 2852, 2848, 2861, 2862, 2863, 2864, Ency. Pl. & Pr., vol. 7, 467, 468, 472; Same vol. 6, 517, 522; 7 Am. Rep. 385; Lewis Em. Domain, secs. 175, 315, Ency. Law, vol. 6, 524; Taylor v. Shields, 5 Littell, 297; Courtney v. Louisville, 12 Bush, 434, Ky. Constitution, sec. 166; Roberts v. Clay City, 42 S. W., 909; L.

& N. R. R. v. Williams, 45 S. W., 229; Conley v. Com., 98 Ky., 126; O'Mahoney v. Bullock, 97 Ky., 774; Pearce v. Mason County, 99 Ky., 357; Chaffee's Appeal 56 Mich., 244.

W. B. THOMAS, GUARDIAN AD LITEM FOR INFANT DEFENDANTS.

### POINTS AND AUTHORITIES CITED.

1. There is no mode of procedure provided by the act of July 1, 1893, governing cities of the first class, or by existing laws, for the execution of the power delegated by the Legislature to the Board of Park Commissioners to condemn private property for public park purposes. "Act for the government of cities of the first class" approved July 1, 1893, secs. 89, 99, 100, 101, 102, 103, Ky. Stats., secs. 2853, 2831, 2861, 2862, 2863, 2864, 3095, 3240; Sutherland on Statutory Construction, secs. 387 and 434; Endlich on Interpretation of Statutes, secs. 343, 1822, 336; Black on Interpretation of Laws, pp. 57, 303; Nichols v. Bridgeport, 23 Conn. 189, s. c. 60 Amer. Dec. 636; Bensley v. Mountain Lake Water Co., 13 Cal., 306; s. c. 73 American Decisions, 575; Sharp v. Johnson, 4 Hill, 92, s. c. 40 Amer. Dec., 259; Crawford v. Spooner, 6 Moore's P. C. 9; Chaffee's Appeal, 56 Michigan 244;

2. The act entitled "An act to provide for the establishment of public parks in and adjacent to the City of Louisville, Kentucky, and the improvement and management of the same" approved May 6, 1890, was repealed by the act for the government of cities of the first class, approved July 1, 1893; Act of July 1, 1893, governing cities of the first class; secs. 77, 78, 79, 80, 81, 82, 84, 85, 86 and 89; Act of May 6, 1890, secs. 14, 15, 16, 17, 18 and 19; Ky. Stats., secs. 2840, 2841, 2842, 2843, 2844, 2845, 2847, 2848, 2849, 2852, 3010; Broaddus' Devisees v. Broaddus Heirs, 10 Bush, 308; Long, Treasurer v. Stone, Auditor, 19 Ky. Law Rep., 246; Camp v. Crawford, 19 Ky. Law Rep., 1510; Fultz v. Crofton, 19 Ky. Law Rep., 1928; Grigsby v. Barr, 14 Bush, 339; Lowe v. Phelps, 14 Bush, 651; *Ex Parte* Herrick, 78 Ky. 23; Parrish v. Ferguson, 83 Ky., 18; Patterson v. Commonwealth, 86 Ky., 313; Patterson v. Commonwealth, 99 Ky., 610; O'Mahoney v. Bullock, 97 Ky., 774; Pearce v. Mason County, 99 Ky., 357; Roberts v. Clay City, 19 Ky Law Rep., 1046; Commonwealth v. Grinstead, 21 Ky Law Rep., 1444; Farson, Leach & Co. v. Board of Commissioners, 97 Ky., 125;

H. R. PHILLIPS, ATTORNEY FOR APPELLEES. HUMPHREY & BURNETT AND J. T. O'NEIL OF COUNSEL.

### POINTS AND AUTHORITIES.

1. This is an action by a city of the first class to condemn land for park purposes, under the act of july 1, 1893. The city itself

is the real plaintiff; its Board of Park Commissioners is only a department of the city government and has no independent existence or authority. Ky. Stats. Chap. 89, Art. II, p. 959, et seq.; Acts of 1893, p. 1265.

2. The members of the Board of Park Commissioners were all elected under and subsequent to the act of July 1, 1893. They have no right or power not given by that act. A Board of Park Commissioners of a city of the first class, even though it be of the city of Louisville, can not claim any power granted to a former corporation.

3. Condemnation proceedings are purely statutory and in derogation to common law; and the statutory authority must be strictly pursued and any condition or other prerequisite to the exercise of jurisdiction, observed. Ency. of Pl. and Practice vol. 7, p. 467 and 468; Southerland on Statutory Construction, sec. 387; Randolph's Law of Eminent Domain, sec. 109; Black on Interpretation of Laws, p. 707; Chaffee's Appeal, 56 Mich., p. 244.

4. No method of procedure is given in the "Act for the Government of cities of the first class." The court can not extend this statute or supply its defects. Sutherland on Statutory Construction, sec. 431; Endlich on Interpretation of Statutes, pp. 465 and 475; Chaffee's Appeal, 56 Mich., 244; Acts July 1, 1893, p. 1287, secs. 99, 100, 101, 102 and 103; Kentucky Statutes, sec. 2852.

5. The Act of July 1, 1893, for the government of cities of the first class was intended to cover all the law on that subject. It repeals the old charter of the city and the Act of 1890, creating the corporation known as the Board of Park Commisssioners of the city of Louisville. Long, Treasurer v. Stone, 19 Ky. Law Rep., 246; Fultz v. Crafton, 19 Ky. Law Rep., 1921; Combs v. Cranford, 19 Ky. Law Rep., 1510; Beard v. City of Hopkinsville, 95 Ky., 239; Mahoney v. Bullitt, 97 Ky., 774; Com. v. Grinstead, 91 Ky., 1444; Lowe v. Philips, 14 Bush, 651; Broaddus v. Broaddus, 10 Bush, 308; Chattaroi Ry. v. Kinner, 81 Ky., 221; Tracey v. Elizabethtown R. R., 85 Ky., 271.

6. The old city charter of the city of Louisville (Acts of 1871-2, vol. 1, p. 440; Burnett's City Code, chapter on Condemnation, p. 155) has no bearing on this case; (a) because, same is repealed by the act for government of cities of the first class, (b) because, it is not pretended that the city council ever passed an ordinance requiring the condemnation of the property here sought to be condemned. This would have been a necessary prerequisite under the old charter.

JUDGE PAYNTER, DELIVERED THE OPINION OF THE COURT. REVERSING.

The Legislature passed "An act to provide for the establishment of public parks in and adjacent to the city of Louisville, Kentucky, and the improvement and maintenance of the same," which was approved May 6, 1890. 3 Acts 1889-1890, p. 267. The act authorized the condemnation of property for park purposes, and specifically provided how a proceeding should be instituted and conducted to accomplish that purpose. The Legislature passed "An act for the government of cities of the first-class," which was approved July 1, 1893. Subdivision 8 of that act relates to parks, and contains 20 sections, which are sections 2840-2859, inclusive, of the Kentucky Statutes. It is unnecessary to enumerate the various provisions of subdivision 8. It is sufficient to say that it provides for a board of park commissioners, how they shall be elected, fixes their compensation, designates the power conferred upon them, etc. The entire care, management, and custody of the parks and grounds used for park purposes is committed to the park commissioners, and they can make contracts, sue, and be sued. The board of park commissioners, being of the opinion that it had a right to condemn land for park purposes, passed a resolution looking to the condemnation of the property described in these proceedings. This action was instituted by filing a petition in the law and equity division of the Jefferson circuit court, and in which petition, as amended, it is averred that that part of the act of 1890 establishing the board of park commissioners which prescribed the course of procedure to condemn property for park purposes was in force, not being repealed by the act of 1893 for the government of cities of the first-class. It is claimed that the act of 1893 repealed that part of the act of 1890 which provided a course of pro-

cedure for the condemnation of property for park pur-
poses. Therefore it' is claimed that, notwithstading the
right to condemn was conferred, there being no course of
procedure provided, the board of park commissioners can
not exercsie the right conferred upon it by the act, and
the court has no jurediction to condemn property. The
court below being of that opinion, sustained a demurrer to
the petition.

Section 2852, Kentucky Statutes, reads as follows: "When
ever, in the opinion of the board, property shall be needed
for any of the purposes herein contemplated, either within
or beyond the boundaries of the city, and within the county
in which such city is situated, the board may, by
resolution reciting such need, order the condemna-
tion of such property, and proceeding for such condemna-
tion shall be had in accordance with the provisions
of sections 99, 100, 101, 102 and 103 of the act for
government of cities of the first-class. If any member of
the board be the owner of or interested in any property
necessary, in the opinion of a majority of the other mem-
bers of the board, to be taken for park purposes, then pro-
ceeding to acquire such property shall be by condemnation,
and such facts of ownership or interest of such members,
and the opinion of the majority of his colleagues and to
the necessity for condemnation, shall be fully set forth in
the petition." Sections 100-103 correspond to sections
2861-2864, Kentucky Statute, and the reading of which
show they have no relation whatever to public parks, but
to the board of public safety. They do not throw any
light upon the question here involved, but the reading of
which show that the Legislature made a mistake in mak-
ing any reference to them, as they do not relate to the sub-
ject of parks. Section 99, referred to, is section 2831,

Kentucky Statutes, which reads as follows: "Whenever property shall be needed for appropriate municipal purposes, either within the boundaries of the city or the county, the board of public works may, with the consent of the mayor, if the amount be under two thousand dollars, order the condemnation of such property; if the amount be over two thousand dollars, may, with the consent of the mayor and the general council, order the condemnation of such property." That section has no reference to the condemnation of property for park purposes, but to property needed for appropriate municipal purposes. The condemnation provided for is to be made through the instrumentality of the board of public works, with the consent of the mayor, or the consent of the general council, depending upon the value of the property to be condemned. The language of that section shows it has no reference to the condemnation of land for park purposes. If there was a doubt upon the subject, subdivision 8, relating to parks, shows that the land for park purposes is to be acquired through the instrumentality of the board of park commissioners. The initiatory step to be taken for the condemnation of property for park purposes is. (section 2852) by a resolution of the board of park commissioners reciting such need and ordering the condemnation of the property desired. It would be attributing to the Legislature a lack of capacity to discharge its duty to say that by one section of the act it conferred the right upon the board of public works, with the consent of the mayor or general council, to condemn property for park purposes, and in another section to confer the right upon the board of park commissioners to have property for that purpose condemned. To hold that section 2831 relates alone to the condemnation of property for appropriate

municipal purposes other than parks gives to it a mean-
ing which accords with the language of it, and at the
same time recognizes that section 2852 relates to the con-
demnation of property alone for park purposes; thus hold-
ing the sections are consistent with each other, and thus giv-
ing a meaning to each.  Subdivision 8 of the act for the
government of cities of the first class purports to be a law
for the acquisition and control of parks by the board of
park commissioners.  It provides that they may be ac-
quired by purchase, gift, or condemnation.  It also pro-
vides how the money shall be raised for acquiring and keep-
ing up the parks.  Much of this subdivision is taken from
the act of 1890, creating the board of park commission-
ers, etc.  That part of the act of 1890 specifically provid-
ing the method of condemnation of property for park pur-
poses is omitted from subdivision 8 of the act of 1893.
We can not conclude that the Legislature intended to re-
tain these provisions of the act of 1893, when so much of
that act was retained, as we have said, and no reference
made to the omitted sections.  It is evident the Legisla-
ture intended that part of the act of 1893 relating to parks
should be a complete law upon the subject, thus evidenc-
ing an intention to omit that part of the act of 1890 re-
lating to the details of condemnatory proceedings.

Section 2852, Kentucky Statutes, quoted above, author-
ized the board of park commissioners to condemn land for
park purposes, and that section recognizes that the pro-
ceedings shall be commenced by a petition.  So the act
confers the right to condemn property for park purposes,
and recognizes that the initial step in court is by petition.
Did the Legislature intend to confer the right to condemn
property for park purposes, and authorize the filing of a
petition for that purpose, and then leave the court without

power to prescribe the proceedings that were to follow, and to enter a judgment fixing the amount of compensation for the owners of the property sought to be condemned? The right of eminent domain is a high prerogative of sovereignty, which can not be exercised without an express grant, or one necessarily implied. To take private property for public use is in derogation of private rights. The necessity of taking private property for public use must be determined by the person or tribunal designated by law for that purpose. The right of taking private property for public use existed at common law. Some courts hold that the same rigid rules ought not to be applied to statutory regulations for the exercise of pre-existing common-law rights as are sometimes applied to similar regulations for the exercise of the right created by statute and in derogation of common-law. However, the courts almost universally hold the statutes providing for the taking of private property for public use must be strictly construed. If a statute points out specifically the mode of procedure to condemn p      *ty, and designates the various steps to be taken, it m...  ..  *tly pursued. The one whose property is to be taken under the power of eminent domain has the right to demand that the statute regulating the procedure shall be strictly pursued. The principles we have announced are so universally recognized by law writers and the courts of the country that we deem it a waste of time to cite authorities in their support.

This brings us to the question involved in the case. The right to condemn property for park purposes has been expressly given, and the proceeding to be instituted is by petition. Can a court of general jurisdiction prescribe or

regulate the additional procedure to be pursued to condemn property for park purposes? It is perfectly clear from the act that the Legislature did not intend to confer the right to condemn property, and the right to begin a proceeding for that purpose, and then leave the court without power to proceed further. The method of procedure is absolutely within the control of the Legislature. It can enact laws for that purpose, and alter them at any time before proceedings are instituted for the purpose of condemning land. All the law writers upon the subject whose works we have been able to examine, and all the opinions of the supreme courts of the country we have examined, hold that the control of the Legislature over the mode of condemnation is unfettered, save when the qualifications are prescribed by the Constitution. Rand. Em. Dom., section 315. It follows from this that, if the Legislature desired to confer upon a court the jurisdiction to condemn private property for public use, it could do so by leaving to the court to conduct the proceedings as in the case of trials of actions at common law. Legislatures usually provide a summary method of condemning property, as that is better for the owner of the property sought to be condemned, and is in the interest of the rights of the public, which demand is for public purposes. The mere fact that the Legislature usually prescribes the course of procedure by giving the various steps to be taken in a proceeding does not argue against the power of the Legislature to prescribe the course of procedure in a more general way, or its right to leave to a court of general jurisdiction the power to prescribe the method of procedure. "There is no objection, of course, to referring the rights of the parties to the arbitrament of a regular court, and this is sometimes done." Rand. Em. Dom., section 316.

The same author says, in section 343: "Where the tribu-
nal is a special one, and the statute does not prescribe
the method by which the cause shall be conducted, it is
safe to say that the method should conform, as nearly as
possible, to that by which a cause is tried before a court
of law. Where the tribunal is a common-law jury, su-
pervised by a court, the mode of procedure usually con-
forms to that of an ordinary trial. In instructing a jury
in condemnation proceedings, the judge is governed by
the usual rules as to impartiality of statement and cor-
rectness of legal principles." Lewis, in his work on Emi-
nent Domain (section 388) says: "As already observed,
the questions which may be litigated upon the application
will depend upon the statute. Where the statute permits
an application to the court in a particular manner, and up-
on certain condition, the court necessarily has the power
to determine whether the conditions exist, or have been
complied with, and whether the application has been made
in proper form. If the manner of determining these ques-
tions is pointed out in the statute, that method will con-
trol; otherwise, the court may adopt any of the usual
modes of determining such questions. The adjudications
upon such questions will be as binding as adjudications
in any other cases, and the same questions can not be again
litigated between the same parties." The same author,
in section 243a, says: "Where the proceedings are be-
fore a court, it has power to determine all incidental ques-
tions, and to make all necessary and proper orders as to
proceedings", etc. The right of eminent domain exists
in the Federal Government, and may be exercised by it
within the States so far as necessary to the enjoyment
of the powers conferred upon it by the Constitution.
Cooley, Const. Lim., 526; Kohl v. U. S., 91 U. S., 367, (23

L. Ed., 449); U. S. v. Jones, 109 U. S., 513, (3 Sup. Ct., 346, 27 L. Ed., 1015). Congress has the power to create a tribunal for condemnation purposes, may authorize the tribunals of the States or common-law proceedings in the courts of the United States. "In the absence of direction by Congress, as to the tribunal or mode of procedure, an action at common law will lie in the name of the United States in the district in which the land to be condemned lies." Lewis, Em. Dom., section 315a. See cases cited in the notes to the section. We are of the opinion that the Legislature intended, upon the filing of the petition for the condemnation of private property for park purposes, the procedure should be according to the course of the common law; that the circuit court of Jefferson county, being a court of original and general jurisdiction, has jurisdiction of the proceeding. The court can permit the jury to hear such evidence as may be offered as to the necessity of condemning property, and as to its value, and have the jury view the property sought to be condemned, and instruct it as to the method of ascertaining and fixing the value of the property taken, and as to damages for taking same, if any results. It would be within the power of the court to fix the day upon which the money should be paid to the owner of the property taken, and to adjudge that, upon the board's failure to pay it at that time, the proceedings were to be void, or to be regarded as being abandoned. It seems to us that the court would have complete jurisdiction to protect the rights of all parties concerned. While this proceeding is not so summary as is usually provided by the Legislature, we can see no reason why the owners of the property are not as securely protected in their rights in this method of proceeding as the way usually prescribed by the Legislature. The case

relied upon as militating against the views we have expressed is Chaffee's Appeal, 56 Mich., 244, (22 N. W., 871). A careful examination of that opinion shows that the proceeding was to increase the width of a certain avenue, and the court held that the proceeding could not be sustained, saying: "When no compensation or payment for the property taken is authorized or made, it is very clear that the procedure can not be sustained; and, as we have said, this seems to be the case under this statute, so far, at least, as relates to taking property to widen a street; and this fact alone is sufficient to make a dismissal of the proceedings before us necessary." It seems that the Legislature had wholly failed to make any provision for the payment of the value of the property taken for the purpose of increasing the width of the street or avenue. We are of the opinion that the court erred in sustaining a demurrer to the petition. The judgment is reversed for proceedings consistent with this opinion.

Whole court sitting.

Judge Guffy dissenting.