# Commissioners of Sewerage of Louisville v. Reisert.

(Decided April 26, 1932.)

ROWAN HARDIN for appellant.

R. P. HOBSON and WOODWARD, HAMILTON & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The commissioners of sewerage of Louisville filed a petition against William A. Reisert to condemn a portion of a tract of land for sewerage purposes. The defendant was awarded the burden of proof and the closing argument to the jury. The jury found the value of the land taken to be $3,750, and fixed the consequential damages to the residue of the tract at $6,250. A judgment was rendered accordingly, and the commissioners of sewerage have prosecuted an appeal.

The first question to be determined concerns the correctness of the ruling of the trial court respecting the burden of proof. The commissioners of sewerage is a municipal corporation authorized to condemn land needed for sewerage purposes. The procedure for the condemnation of property is the same as that provided for condemnation for municipal purposes by cities of the first class. Section 8, C. 72, Acts of 1928, p. 247, section 3037a-8, Ky. Stats. 1930. The charter of cities of the first class respecting condemnation for municipal purposes adopts the same procedure provided by law for the condemnation of property for park purposes. Ky. Stats., sec. 2831. The procedure for condemnation for park purposes requires a petition to be filed in the Jefferson circuit court upon which a summons must be issued and served upon the defendant or defendants, and the subsequent proceedings must conform as nearly as may be to ordinary actions at law. Section 2852, Ky. Stats.; Board of Park Commissioners v. Du Pont, 110 Ky. 743, 62 S. W. 891, 23 Ky. Law Rep. 106. The statutes do not define further the particular procedure, and the burden of proof in such proceedings must be determined by the rules prevailing under the Civil Code. The burden of proof in the whole action rests upon the party who would be defeated if no evidence were given on either side. Civil Code of Practice, sec. 526. The party having the burden of proof must first produce his evidence and is entitled to conclude the argument to the jury. Civil Code of Practice, sec. 317, subsecs. 3 and 6.

It is correctly conceded that an error of the trial court in assigning the burden of proof in a condemnation case requires a reversal of the judgment. Louisville & N. R. Co. v. Hargis, 230 Ky. 806, 20 S. W. (2d) 991. Under the Constitution of Kentucky property cannot be taken or applied to public use without just compensation being made (section 13), and municipal or other corporations or individuals invested with the privilege of taking private property for public use must make just compensation for property taken, injured or destroyed. Such compensation shall be paid before the taking, or paid or secured at the election of such corporation or individual before the injury or destruction (section 242).

The purpose of the proceeding by the commissioners of sewerage is to ascertain what constitutes a full and

adequate compensation for the taking or injury to the land desired, and, before any land can be taken, the amount of compensation to be paid must be ascertained and determined according to law. Under the Civil Code of Practice, which prevails in proceedings of this character, allegations concerning value or amount of damages although not denied, must be proved. Civil Code of Practice, sec. 126. Hence, if the petitioner fails to produce evidence of the value of property proposed to be taken, no relief can be awarded and the proceeding would have to be dismissed. Seattle & M. Ry. Co. v. Murphine, 4 Wash. 448, 30 P. 720. An essential and indispensible part of the burden resting upon the plaintiff is to show the value of the land sought to be appropriated to public use. In proceedings by a railroad corporation to condemn land, and in certain other instances affected by similar statutes, a condemnation proceeding is instituted in the county court, where viewers are appointed to value the land and a report is made to the court showing the value of the land to be taken and the damages to the remainder. If no exceptions are filed to such a report, the court is authorized to render a judgment according to the valuation there made. Section 838, Ky. Stats. And if exceptions are filed by one party only, the burden is upon such party to produce evidence to sustain the exceptions. If that burden is not met, the report of the commissioners is confirmed. If both parties file exceptions to the report, the burden is then on the condemnor. Waller v. Lee County, 187 Ky. 848, 220 S. W. 1071; Shelbyville & E. Turnpike Co. v. Louisville & N. R. Co., 51 S. W. 805, 21 Ky. Law Rep. 548; Calor Oil & Gas Co. v. Franzell (Ky.), 122 S. W. 188; Saulsberry v. Ky. & W. Va. Power Co., 226 Ky. 75, 10 S. W. (2d) 451; Louisville & N. R. Co. v. Hargis, 230 Ky. 806, 20 S. W. (2d) 991. But in proceedings like the present one, there is no report of the appraisers, and nothing upon which to predicate a judgment if no evidence of value is offered. The rule is not the same in the different states. 20 C. J. sec. 386, p. 982, sec. 404, p. 1011; Alloway v. Nashville, 88 Tenn. 510, 13 S. W. 123, 8 L. R. A. 123. The divergence among the various courts is accounted for by the differences in the constitutional provisions and statutes that govern the matter. Cape Girardeau & C. R. Co. v. Blechle, 234 Mo. 471, 137 S. W. 974, Ann. Cas. 1912D, 246. In Illinois and Washington, where the constitu-

tional provisions are substantially similar to ours, it is held, for the reasons above indicated, that the burden is upon the condemnor. Chicago, B. & Q. R. Co. v. F. Reisch & Bros., 247 Ill. 350, 93 N. E. 383; Seattle & M. R. Co. v. Murphine, 4 Wash. 448, 30 P. 720. The trial court awarded the burden of proof to the landowner because of the opinion of this court in Weiss v. Commissioners of Sewerage, 152 Ky. 552, 153 S. W. 967. In that case the commissioners of sewerage had condemned a tract of land belonging to Weiss. Weiss prosecuted an appeal and complained that the burden of proof had been put upon him. Obviously he could not avail himself of an error in his favor, but the court, without mention of that matter, stated that the trial court did not err in placing the burden of proof upon the landowner. The landowner had raised a question as to the necessity of the taking, and it was said that the action of the municipal authorities in declaring the necessity was enough to place the burden on the landowner. Cf. Louisville & N. R. Co. v. City of Louisville, 131 Ky. 108, 114 S. W. 743, 24 L. R. A. (N. S.) 1213. The burden of proof as to the value of the land and the incidental damages, which the jury must determine, cannot be affected by issues respecting the necessity of the taking and the public use to be made of the property, which are matters to be determined by the court in advance of inquiry as to damages and value. Baxter v. City of Louisville, 224 Ky. 604, 6 S. W. (2d) 1074; Warden v. Madisonville, H. & E. R. Co., 128 Ky. 563, 108 S. W. 880, 33 Ky. Law Rep. 38; Henderson v. City of Lexington, 132 Ky. 405, 111 S. W. 318, 22 L. R. A. (N. S.) 20. Hence the opinion in the Weiss case does not satisfactorily solve the problem now presented, when the condemnor is complaining.

The petitioner cannot condemn land without showing the necessity for public use. It may not do so even then, unless it goes further and shows the value of the land proposed to be taken so that the constitutional mandate can be obeyed. No court is authorized to take private property for public use except in a manner authorized by the Constitution. Riley v. Louisville, H. & St. L. R. Co., 142 Ky. 69, 133 S. W. 971, 35 L. R. A. (N. S.) 636, Ann. Cas. 1912D, 230; Bushart v. Fulton County, 183 Ky. 471, 209 S. W. 499.

When the court, in a case like this one, places the burden on the landowner, and he declines to offer evi-

dence, no judgment of condemnation can be rendered because there is nothing to show the value of the land proposed to be taken. The initial burden is on the condemnor to prove the value of the land before he is entitled to a judgment for the land. The landowner may offer countervailing evidence both as to the value of the land and as to the damages caused by the taking. But the landowner is not required to offer any evidence until the condemnor has met the burden resting on him to show the value. If the value shown is not satisfactory to the landowner, he is free to go forward with his proof. We see no escape from the conclusion that, under our Constitution and the statute here involved, the burden is upon the condemnor to show, first, the necessity for the taking, which may be shown in the first instance by the legislative declaration; and, second, the public use to which the land is to be devoted; and, third, the value of the land.

It follows that the court erred in the present case in assigning the burden of proof and the right to the concluding argument to the jury. The conclusion reached renders it necessary to reverse the judgment for a new trial, and relieves us of the necessity of discussing or deciding the other questions raised.

The judgment is reversed for a new trial consistent with this opinion.