## Cincinnati Gas Transportation Co. v. Cartee.

(Decided June 14, 1912.)

### Appeal from Carter Circuit Court.

1. Gas—Right of Way for Pipe Line—Condemnation Proceeding In County Court—Appeal to Circuit Court—Damages.—In an action by appellant to condemn land for its gas pipe line; on an appeal by it to the circuit court from a judgment in the county court, the amount recovered by the owner of the land being greater in the circuit court than it was in the county court, judgment was properly entered in the circuit court in his behalf for the larger sum and costs in that court, credited by the amount paid by appellant in satisfaction of the judgment recovered in the county court.

2. Same—Evidence that Pipe Lines Burst or Produce Explosions.— While it is not held that the evidence to the effect that gas pipe lines sometimes burst or produce explosions is incompetent, ap-

pellant seems to be responsible for the admission of such testimony here; but, although the measure of damages in a case like this does not include fear, the evidence should not have been excluded for that reason.

3. Same.—Such testimony is competent on the ground that explosions might result in injury to the adjacent land or premises of appellee and thereby constitute a part of the incidental damages recoverable.

4. Depositions—Omission to Read Before Closing Appellant's Evidence—Refusal to Allow Reading at Close of Appellee's Evidence—Prejudicial Error.—Where by oversight the depositions of four of appellant's witnesses were not read at the taking of its evidence, it was prejudicial error to refuse it the right to read them upon the conclusion of appellee's evidence.

THEOBALD & THEOBALD for appellant.

G. W. E. WOLFORD, GEO. W. ARMSTRONG for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This proceeding was instituted by appellant in the Carter County Court, under sections 3766b, 839 and 840, Kentucky . Statutes, to condemn a right of way for its pipe lines, used in the transportation of natural gas, over the land of appellee.  Section 3766b provides for the condemnation of land for gas pipe lines and direct that it shall be done in the manner prescribed for the condemnation of land for railroad purposes.  Sections 839 and 840 show the mode of procedure as to railroads; the last also providing that if the land owner appeals from the judgment rendered in the county court and fails, on the appeal, to increase the damages he shall pay the costs.  If the opposite party appeals and fails to reduce the damages awarded by the county court he shall pay the costs.  In every case, according to section 839, the trial is de novo.

The commissioners appointed by the county court to assess appellee's damages, awarded him $413.20 and made report thereof to that court.  Appellant filed exceptions to the report and a jury was impaneled to assess the damages.  The jury, by their verdict, awarded appellee $300 damages, which amount, together with the costs of the proceeding, was paid by appellant and accepted by him.  Thereupon the land was conveyed to the appellant by a commissioner of the court's appointment, and the deed put to record.

Appellant then appealed the case to the circuit court

where a trial was had at the October term, 1911, and by the verdict of the jury, returned in that court, appellee was awarded damages in the sum of $450, for which judgment was duly rendered in his behalf. Appellant filed motion and grounds for a new trial, which the circuit court overruled, and his dissatisfaction with that ruling and the judgment of the circuit court, resulted in the present appeal.

The grounds relied upon for a new trial are eight in number, but we will notice only such of them as we regard material.

One of appellant's complaints is, that the damages allowed appellee were excessive, and the jury should have been instructed that in awarding him damages, they could not exceed the amount recovered by him in the county court, to-wit: $300. In other words, it is appellant's contention that it could appeal and lessen the judgment for damages; but that appellee could not have it increased, except on an appeal taken by him.

We do not feel authorized to say the damages are excessive; and appellant's construction of the statute would make a corporation maintaining a condemnation proceeding, if it should fail on the appeal to reduce the damages below the amount awarded the landowner in the county court, liable to the latter only for the costs in the circuit court; but entitle it, if it should succeed in reducing the amount of the damages, to compel the land owner to repay the excess and costs; whereas the latter, though the evidence on the appeal might entitle him to greater damages than he received in the county court, would not be given judgment for the increase, because the appeal was taken by the corporation. Such an illiberal construction of the statute does violence to its language and meaning. Besides, appellant's contention ignores the fact that the statute requires a trial de novo in the circuit court. When the appeal is taken to the circuit court, the trial must take place in that court as if there had been no trial or judgment in the county court; and, this being true, it necessarily follows, that if the amount of damages awarded the landowner by the verdict of the jury in the circuit court is greater than that recovered by him in the county court, he will be entitled to judgment in the circuit court for the increased amount. And, as in this case, the amount recovered by the appellee in the circuit court was greater than that

recovered in the county court, judgment was properly entered in the circuit court in his behalf, for the larger sum and costs in that court, credited by the amount paid by appellant in satisfaction of the judgment recovered in the county court.

The cases of Chicago, St. Louis & New Orleans R. R. Company v. Sullivan, 24 R., 860 and Hamilton v. Maysville & B. S. R. R. Company, 27 R., 251, cited by counsel for appellant, do not sustain his contention. The first only holds, as to this question, that a corporation in a condemnation proceeding, notwithstanding its payment of the damages awarded the landowner in the county court, may prosecute an appeal from the judgment therefor to the circuit court; and that the landowner, notwithstanding his acceptance of the damages awarded by the county court, may also appeal to the circuit court. In the second case it was held that the payment in the county court, by the railroad company, of the damages awarded the landowner in that court for the land condemned, following her declaration that she would not accept it, excused the failure of the railroad company to tender her the money.

Our view of the law upon the question under consideration is sustained by the case of Elizabethtown, Lex. & Big Sandy R. R. Company v. Catlettsburg Water Works Co., 110 Ky., 175. In that case, which was a proceeding by the railroad company to condemn land for its right of way, the commissioners awarded the defendant landowner, $4,804 damages. Both parties excepted to the award, and a trial by jury in the county court resulted in a verdict in the defendant's favor for $5,000. The railroad company took an appeal to the circuit court, but the defendant did not appeal. On a trial in the circuit court, a verdict was returned fixing the defendant's damages at $7,636. The railroad company thereupon appealed to this court, which sustained the verdict in the circuit court and affirmed the judgment entered thereon. The reason for its so holding being, as stated, in the opinion, that: "The statute required the case to be tried anew in the circuit court, and this entitled the appellee, (landowner) to a verdict at the hands of the jury in the circuit court, without regard to the amount adjudged to it in the county court." The only distinction we can discover between a trial on an appeal in a condemnation proceeding, and that of any other

appeal from an inferior court to the circuit court, is in the question of costs. If a defendant in an ordinary action, on appeal, "merely succeeds in reducing the amount of the judgment rendered against him, it shall be in the discretion of the court to allow costs or not;" Civid Code, 722; while in appeals in condemnation proceedings the statute fixes the costs from the verdict.

The appellant also complains of the introduction in the circuit court of incompetent evidence, consisting of testimony to the effect that gas pipe lines sometimes burst or produce explosions. If it could be said that such evidence is incompetent, appellant seems to have been responsible for its introduction in this case, as it appears from the record that its counsel began the asking of questions about the explosion or breakage of such pipes. We are not satisfied, however, that the evidence was incompetent, as some of the witnesses testified that such explosions or breakages of the pipes sometimes occur; and one witness mentioned such an explosion of a pipe in West Virginia, and another in Lewis County, Kentucky, on appellant's line. Appellant's counsel is right in his contention that the measure of damages in a case like this does not include fear, but the evidence in question should not have been excluded for that reason. We regard it as competent on the ground that such explosions might result in injury to the adjacent land or premises of appellee and thereby constitute a part of the incidental damages recoverable; and if so, the probability of their occurrence was a matter that might be considered in determining appellee's damages.

It appears from the evidence that appellant's gas pipe runs, at one point, in nine or ten feet of appellee's residence, and if an explosion of the pipe should occur there, it might have a disastrous effect on the building or its contents.

We do not believe that the instruction given by the court authorized the conclusion on the part of the jury, as claimed by appellant's counsel, that they might consider in determining appellee's damages any apprehension on his part of personal risk or danger to himself or family from the presence of appellant's gas pipe upon his premises. Indeed, as a whole the instructions meet our approval as they seem to conform to the requirements of the opinion in the case of Big Sandy R. R. Company Dills, &c., 120 Ky., 563, therefore, we cannot

sustain the objections urged to them by appellant's counsel.

Appellant further complains that counsel for appellee in addressing the jury improperly argued that appellant could lay other pipe lines in the ground condemned besides the one now maintained by it. The statement objected to was not improper. While the petition instituting the preceedings to condemn appellee's land, and the deed from the commissioner by which the land condemned was conveyed to the appellant, speak of its use for laying its "gas pipe line," that expression in the deed is followed by the words, "and appurtenances," and the later term may well be held to include the laying of additional pipes in or upon the land condemned, if required, for the transportation of appellant's gas. There is nothing in the deed, or judgment of the court, which would exclude the laying of other pipes therein by appellant or require the institution of a new preceeding for condemnation to obtain such right; moreover, it would not have been necessary for appellant to have required thirty feet in width of appellee's land merely to lay one ten inch gas pipe.

Appellant's final complaint is that the circuit court erred to its prejudice in refusing it permission to introduce and read to the jury the depositions of four of its absent witnesses; Laming, McCloskey, Figley and Rogers. It appears from the affidavit of appellant's counsel, filed in support of the motion to allow the reading of the depositions, that the depositions were lying on a table with other papers of the case during the trial, and that counsel intended to read them to the jury before closing appellant's evidence, but by oversight or accident forgot to do so, until appelee's evidence was closed; that he thereupon discovered the oversight and immediately asked leave to read the depositions, at which time argument to the jury had not commenced, nor had any of appellant's or appellee's witnesses left the court room. The court, however, overruled the motion of appellant's counsel and refused to allow the depositions to be read, to which ruling appellant excepted.

There can be no doubt of the materiality of the evidence contained in the depositions. At least three of the deponents were experts as to the questions of fact in issue, and their depositions were especially important in respect to the question whether there was any prob-

ability of an explosion of the pipe line near appellee's house. Indeed, some of the material facts contained in the depositions were not known to any of the witnesses introduced in appellant's behalf. In view of the importance to appellant of the evidence contained in the depositions; of the oversight or mistake of its counsel resulting in his accidental failure to read them before closing appellant's evidence, or that of appellee was closed; and of the further fact that the request of counsel to read them, was made while appellee's witnesses were present and could have been recalled to rebut what was stated in the depositions, if by him deemed necessary, we think the trial court erred in refusing to permit them to be read, and that such refusal amounted to an abuse of discretion. We are free to admit that such a misfortune as here resulted to appellant from the mistake of his counsel, would not have authorized the granting of a new trial, if the matter had been brought to the attention of the court for the first time after appellee's witnesses left the place of trial, or after the beginning of the argument to the jury, but as it was brought to the attention of the court before the happening of either of these events and at a time when the reading of the depositions could not have been prejudicial to appellee, their rejection by the court was error highly prejudicial to the substantial rights of the appellant; on account of which the judgment must be and is reversed.

The whole court sitting.