## Commonwealth v. Carson et al.

March 13, 1942.

Hubert Meredith, Attorney General, William Hays, Assistant Attorney General, and Geo. W. Stephens for appellant.

E. L. Stephens and James A. Inman for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming in part and reversing in part.

This appeal is from a judgment entered on a verdict fixing the damages at $1,800 in an action filed by the Commonwealth to condemn approximately four acres of land as a right-of-way for the construction of a highway.

The petition for condemnation was filed in the county court December 21, 1939. Commissioners appointed by the court filed their report on January 8, 1940, fixing the appellees' damage at $1,000. No summons was issued on the report, but apparently an agreement was made as to a date for trial—this is not clear from the record. On February 17 the county court confirmed the commissioners' report, no exceptions having been filed. On March 6 appellees filed a motion, supported by affidavits, to set aside the order of February 17, confirming the commissioners' report, and at the same time filed exceptions to the report. The affidavits supporting the motion stated ample grounds justifying the setting aside of the order of confirmation since it appeared from the affidavits that negotiations for a settlement were pending and that the order confirming the commissioners' report was not submitted to the court but was entered on the order book by the clerk without the knowledge of the court or of appellees. The county court sustained the motion to set aside the order of confirmation and entered an order setting aside the confirming order of February 17 and permitted appellees' exceptions to the commissioners' report to be filed.

On March 11 a jury was empaneled and verdict was rendered by eleven jurors fixing the damage at $1,650 and judgment was entered accordingly. On March 29 the Commonwealth filed a petition praying that the latter judgment be set aside because only eleven jurors had signed the verdict. This petition further prayed that the order of March 6 setting aside the confirming order of February 17 confirming the commissioners' report be

entered as the final judgment of the county court. On July 8 the county court sustained the prayer of this petition and entered a judgment to the effect that the order of March 6, setting aside the judgment of February 17 be set aside and that the judgment of February 17 be reinstated as the judgment of the court. The effect of this judgment was that the damages were fixed at $1,000, as reported by the commissioners and confirmed by the order of February 17.

The action of the county court was correct in so far as it set aside the judgment fixing the damages at $1,650, since a unanimous verdict is required in a proceeding of this character. That portion of the order setting aside the order of March 6 was erroneous, however, since we have heretofore indicated that the order of March 6 setting aside the order of February 17 was correct.

On August 12, more than thirty days after the erroneous judgment of July 8, the appellees filed a petition and motion to set aside that judgment and on the same day an order was entered overruling this motion and petition and granting appellees an appeal to the circuit court. On the same day appellees filed a statement of appeal in the circuit court praying that the judgment of July 8 be held void and that they be given a trial in the circuit court on the exceptions to the commissioners' report. The Commonwealth demurred to the petition for appeal in the circuit court and moved to dismiss the appeal and also filed answer. The circuit court heard evidence on the Commonwealth's motion to dismiss the appeal and entered an order overruling the motion to dismiss and granted a trial on the exceptions. On this trial verdict was returned fixing the damages at $1,800 and judgment was entered on this verdict, followed by this appeal by the Commonwealth.

It is insisted by the Commonwealth that the appeal to the circuit court should have been dismissed since it was taken more than thirty days after the final judgment of July 8 relegating appellees to the $1,000 damages fixed by the commissioners. This position would be correct had this been a regular appeal to the circuit court following the usual and ordinary procedure of assessing damages in the county court since, by the provisions of Section 839 of the Kentucky Statutes governing procedure in condemnation proceedings an appeal to the circuit court must be taken within thirty days. But such

was not the case here. When the appellees, on August 12, filed in the county court their motion and petition to set aside the judgment of July 8, this procedure was in all respects equivalent to an application under Section 518 of the Civil Code of Practice for a new trial on the ground of unavoidable casualty and misfortune preventing appellees from appearing and on that application a proper showing was made by appellees by affidavits requiring the county court to set aside the judgment of July 8, the affidavits being uncontroverted. The substance of the affidavits was that the judgment was entered without the knowledge of appellees or their attorneys while an understanding or agreement existed between the parties that they were to await advice from the Attorney General's office as to certain procedure in the case, no communication having been received by appellees or their counsel from the Attorney General's office before the entry of the judgment.

In the circumstances detailed, the appeal to the circuit court was from the judgment of the county court overruling appellees' motion and petition to set aside the judgment of July 8 and this was the only question involved before the circuit court. As matters then stood, there had, in effect, been no trial in the county court and no assessment of damages, since the verdict of the jury assessing the damages had been set aside. The circuit court was correct in its judgment that appellees' petition and motion of August 12, to set aside the judgment of July 8, should have been sustained by the county court. But there the procedure in the circuit court should have ended and the cause should have been remanded to the county court to proceed with a trial on the exceptions to the commissioners' report. Both parties were entitled to an assessment of damages in the county court before the circuit court had jurisdiction to assess damages on an appeal from the action of the county court.

The judgment of the circuit court is affirmed in so far as it adjudged that the judgment of the county court of August 12 overruling appellees' petition and motion to set aside the judgment of July 8 was erroneous and is reversed in so far as it assessed the damages, with directions to enter a judgment remanding the case to the county court for trial on the commissioners' report and exceptions thereto.