## Johnson County ex rel. Vanhoose, County Attorney, v. Boyd et al.

Feb. 19, 1943.

338

Wheeler & Wheeler for appellant.

J. L. Harrington and R. B. Harrington for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This appeal is prosecuted from a judgment entered on a verdict fixing the damages at $600 in an action filed by Johnson County to condemn something less than one-half an acre of land as a right-of-way for the construction of a road.

The county assigns four errors for the reversal of the judgment: 1. Exceptions to the award of the commissioners were not filed in the county court by the defendants within the time prescribed by statute; 2. the burden of proof in the circuit court was improperly placed upon the county; 3. the jury should have been discharged on account of improper conduct of two sons-in-law of the principal defendant; 4. the verdict is excessive.

The petition for condemnation was filed in the county court on Aug. 30, 1940. The report of the commissioners appointed by the court was filed Sept. 9, 1940, and fixed the damages at $300. Summons were issued on the report the day it was filed, and on Dec. 2nd, a motion to strike the report because it did not give the damages to the residence, and a general demurrer were filed. The record is not clear that Dec. 2nd, was the first day of

the December term of the county court, but from what transpired as shown by the record, we presume it was, Hon. Claude Buckingham assumed the office of Judge of Johnson County on that day and passed the motion and demurrer for a week. On Dec. 9th, he overruled both the motion and the demurrer and the record shows on that day defendants tendered and offered to file their exceptions to the commissioners' report.

Under Section 416.040, KRS the exceptions to the commissioners' report should have been filed on Dec. 2nd, and when they were not filed until the following Monday, the 9th (to which time the court had passed the motion to strike and the demurrer, and at which time the condemnor had moved for confirmation of the report) the judge evidently was of the opinion that the exceptions were tendered too late and refused to file them. While the exceptions were due to be filed on Dec. 2nd, yet they were tendered before the court had confirmed the report and he should have allowed them to be filed and should have impanelled a jury to hear them as provided in Section 416.050, KRS. Instead of so doing, the county judge refused to let the exceptions be filed and confirmed the commissioners' report, whereupon the defendants appealed to the circuit court where a trial de novo was had.

The condemnor contends that upon the authority of Com. v. Carson, 289 Ky. 799, 160 S. W. (2d) 166, the circuit court should have remanded the case to the county court for a jury trial on the exceptions. But it loses sight of the fact that in the instant case the circuit court's attention was not called to the failure of the county court to allow the exceptions to be filed. Had the circuit court's attention been called to this error of the county court, it must be presumed that the circuit court would have remanded the case to the county court for a hearing on the exceptions, which was the procedure approved in the Carson case. The condemnor evidently objected to the filing of the exceptions—to say the least, it knew they were refused by the county court—and it cannot remain silent on this point on the appeal to the circuit court and then after an adverse verdict complain in this court that the circuit court erred in not remanding the case to the county court for a hearing on the exceptions. We note the assistant attorney general who briefed this

case took no part in the trial, and that his first connection with the case was on the appeal in this court.

As to the burden of proof in condemnation cases, the rule is that the party filing exceptions to the commissioners' report has the burden; and should both parties file exceptions the burden is on the condemnor. Chicago, St. L. & N. O. R. Co. v. Leibel, 27 Ky. Law. Rep. 716, 86 S. W. 549; Warfield Natural Gas Co. v. Hammons, 233 Ky. 48, 24 S. W. (2d) 933. Here, the trial in the circuit court was on the theory that the defendant had filed exceptions in the county court and the circuit judge should have sustained the condemnor's motion to place the burden of proof on the condemnees. But this error cannot be considered in this court as a ground for reversal because it was not included in the motion for a new trial. McNeil v. Choate, 197 Ky. 682, 247 S. W. 955; Warfield Natural Gas Co. v. Hammons, supra.

The condemnor argues that the court's admonition to the jury when it went to view the premises was violated in that Mack Ward and Ralph Begley, sons-in-law of the chief defendant, Albert Boyd, drove the jury to the premises and on the trip talked to them concerning the case; also that Boyd made certain measurements in the presence of the jury. The court examined the jury as to this occurrence and while some of them stated they made the trip in a car driven by Ward and ''something was said about the case'' none of them could recollect what Ward said. In answer to the court's question of whether or not any measurements were taken in their presence, all the jurors answered in the negative. The admonition of the court must be followed strictly when a jury is viewing the premises; however, we do not think the court erred in refusing to set aside the swearing of the jury where a kinsman of one of the parties came in contact with the jury and said something that none of the jurors can recollect.

The commissioners appraised the defendants' damages at $300 and the jury found it was $600. But in the face of the fact that defendants' well, fruit trees, outbuildings and walks were taken, as well as all but twenty inches of the front porch of the dwelling, leaving the house practically on the road with the topography of the terrain such that the house could not be moved, we cannot say the verdict is excessive. There is a direct conflict in the evidence, but if the jury believed the witnesses

for the defendants there is ample evidence to support the verdict for $600.

It is true that defendants' entire property of six acres was listed for taxation at but $300. However, Boyd testified that the property was worth $4,000 before the right-of-way was taken and $2,000 afterwards. Doubtlessly the jury considered that the property was listed far below its actual value, and that for the purposes of arriving at damages its value was fixed at an excessively high figure. We have written that the figure at which property is listed for taxation is not conclusive, as to its value, but such listing is only an incident to be considered by the jury in fixing damages. Crittenden County v. Towery, 264 Ky. 606, 95 S. W. (2d) 233. Although defendants may have listed their property for taxation so far below its real value as to amount to a fraud upon the taxing authorities, such action on their part does not prevent them from collecting the reasonable market value of the property taken and the direct resultant damages to the remaining property.

The judgment is affirmed.