## Commonwealth Department Of Highways ex rel. et al. v. Baldwin et al. (two cases).

May 5, 1950.

Ray C. Lewis, Judge.

A. E. Funk, Attorney General, C. J. Waddill, Assistant Attorney General, and Jo M. Ferguson, Assistant Attorney General, for appellant.

J. Milton Luker for appellees.

CHIEF JUSTICE SIMS—Reversing.

These two actions were filed on Aug. 30, 1947, by the Department of Highways in the Laurel County Court to condemn two small strips of land. Each strip was long and narrow, the first contained .17 of an acre and belonged to J. W. Baldwin and the second contained .43 of an acre and belonged to R. S. Baldwin. The two strips are located at the junction of Highways No. 25 and No. 80 in Laurel County and were taken for the purpose of widening Highway No. 25.

In the county court three commissioners were appointed in each case to assess the value of the land taken

and the resulting damages to the adjacent land. In the J. W. Baldwin case the commissioners allowed $1 for the land taken and found no resulting damages but reported that the construction of the highway benefited the adjacent land to the exent of $2,500. In the R. S. Baldwin case the commissioners allowed $250 for the land taken and reported no resulting damages but that the construction of the highway benefited the adjacent land to the extent of $1,500. Both the Commonwealth and the landowners filed exceptions to these reports and the cases were tried in the county court.

The verdict in the county court in the J. W. Baldwin case was for $51 for the land taken and for the resulting damages, while in the J. S. Baldwin case the verdict was for $1,400 for the land taken and the resulting damages. The jury did not separate the damages for the land taken from the resulting damages to the adjacent land. The landowners appealed to the circuit court where the cases were consolidated. The jury in the circuit court returned a verdict for J. S. Baldwin in the sum of $680 and for R. S. Baldwin in the sum of $2,420. Again the jury did not separate the damages in their verdict although the court so instructed. Judgments in these sums were entered in the respective cases for the lands taken and for the resulting damages.

Appellant asks a reversal because 1. The court erred at the outset of the trial in awarding the burden of proof to the landowners; 2. incompetent evidence was admitted which tended to raise the value of the property condemned; 3. the circuit court erred in overruling the Commonwealth's motion to dismiss the appeal because no competent testimony was offered as to the value of the land; 4. the damages are excessive.

There can be no doubt that the circuit court committed reversible error in awarding the burden of proof to the landowners over the objection of the Commonwealth. Where exceptions are filed by both parties to the report of the commissioners, in a condemnation proceeding, the burden of proof is on the condemnor and it is entitled to the closing argument. Com. etc. v. Crutchfield, 261 Ky. 272, 87 S. W. 2d 598, and authorities therein cited. Appellees admit this is the general rule but insist that appellant did not file its exceptions in good faith as it was pleased with the commissioners' reports

in the county court, and appellees brought the cases to the circuit court on appeal and they should have the burden of proof, citing section 526 of the Civil Code of Practice and such cases as Warfield Natural Gas Co. v. Wright, 233 Ky. 378, 25 S. W. 2d 1036; Commissioners of Sewerage of Louisville v. Reisert, 243 Ky. 494, 49 S. W. 2d 324; Com. v. Begley, 272 Ky. 289, 114 S. W. 2d 127; Adams v. Com., 285 Ky. 38, 146 S. W. 2d 7. These authorities do not support appellees' position. The Code provision places the burden of proof in the whole action on the party who would be defeated if no evidence were introduced, and a close reading of the authorities relied upon by appellees show they follow section 526 of the Civil Code of Practice. Indeed, the question is put at rest by KRS 416.060 relating to appeals to the circuit court in condemnation cases. Among other things this section of the statute provides, "The appeal shall be tried de novo." In a de novo trial the condemnor must assume the burden of proof which it originally had in the county court.

The incompetent evidence of which appellant complains is that the court permitted several witnesses for appellees to testify to the value of the land as of the time of the trial in the circuit court at the September Term 1948, rather than to testify to the value thereof at the time it was taken in September 1947. The resulting damages are the difference, if any, between the fair market value of the property before it was generally known that the highway would be improved and its fair market value just after the improvement was made. 29 C. J. S. Eminent Domain, sec. 148, page 1001; Watson v. Chesapeake & O. Ry. Co., 238 Ky. 31, 36 S. W. 2d 641; Hutcherson v. Louisville & N. R. Co., 247 Ky. 317, 57 S. W. 2d 12. On another trial the court will so limit the witnesses as to time who testify concerning the value of the land taken and the resulting damages to the remainder of the property.

Since we have arrived at this conclusion, it becomes unnecessary to pass upon the other two alleged errors assigned, because on another trial the court will properly limit as to time as indicated in the preceeding paragraph the witnesses testifying to land values which will make their testimony competent. It would be of no benefit to the litigants for us to pass upon the question

of whether or not the damages are excessive, since we do not know what amounts another jury may fix under competent evidence. Consequently, these two questions are expressly reserved.

The judgments are reversed.