**CITIZENS FIDELITY BANK & TRUST COMPANY et al., Appellants,**

v.

**JEFFERSON COUNTY, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

May 27, 1955.

As Extended on Denial of Rehearing
Oct. 28, 1955.

Lawrence F. Speckman, Louisville, for appellant.

Chas. W. Dobbins, County Atty., J. W. Jones, Louisville, for appellee.

HOGG, Judge.

Jefferson County, et al., appellees herein, sought to condemn lands of appellants, Citizens Fidelity Bank & Trust Company, et al., for the purpose of a playground and recreational center and park by filing a petition in the county court pursuant to KRS 67.085 and 416.110. Commissioners were appointed to assess the damages in conformity with the law. Their report awarded appellants $20,000. On exceptions filed by appellees, a trial was had before a jury, resulting in a verdict of $13,500 for appellants. Judgment was duly entered on the verdict and appellees paid into Court that amount. Appellants refused to accept it and prosecuted an appeal to the circuit court, where a trial was had before a jury, resulting in a verdict in the sum of $9,500. From the judgment entered on that verdict the appellants have prosecuted an appeal to this Court.

It is insisted here that the judgment of the circuit court should be reversed because: (1) of error of the court in excluding a certain contract, and also the report of the commissioners of the county court; (2) of misconduct of appellees; (3) the burden of proof should have been given to appellants; (4) the verdict of the jury was the result of passion and prejudice, and (5) the damages are inadequate.

We will consider first the appellants' contention that the court erroneously assigned the burden of proof in the circuit court to appellees, the condemners.

Condemnation cases, such as the one before us, present an unusual situation. They are tried *de novo* in the circuit court after an appeal has been taken from the commissioner's report or the award made in the county court. However, the fact that they are tried *de novo* is not the controlling factor in determining who shall have the burden of proof. The rule employed by the court to determine who should have the burden of proof is that it is placed upon the parties who would lose if no evidence were introduced. Commonwealth, Department of Highways ex rel. v. Baldwin, 312 Ky. 782, 229 S.W.2d 744. The party excepting to the commissioner's report is the one who has the burden of proof. If both condemnor and landowner file exceptions to the commissioner's report, the burden of proof is assigned to the condemnor as was done in the Baldwin case.

We are constrained to hold that where the landowner appeals to the circuit court in condemnation cases such as this, the burden of proof, as concerns the issue of damages, is upon the landowner. His land has already been taken by the condemner and it is entitled to possession of the land condemned upon payment of the commissioner's award or paying the amount of the verdict into court. KRS 416.110(2) (g). In this case, the landowner would be the defeated party if no evidence had been given on either side, because the condemner would have possession of the land at the price fixed by the jury in the county court. See, CR 43.01 and Gulledge v. Texas Gas Transmission Corp., Ky., 256 S.W.2d 349. Consequently, the burden of proof should have been placed upon the appellants herein. We have held in a long line of cases that an erroneous assignment of the burden of proof constitutes reversible error. See, Commonwealth. Department of Highways ex rel. v. Baldwin, 312 Ky. 782, 229 S.W.2d 744; Massie's Ex'x v. Massie's Ex'x, 288 Ky. 370, 156 S.W.2d 195, and cases cited therein.

A discussion of the other claimed errors is rendered unnecessary. However, we have examined them and find that they are without merit.

Judgment reversed with directions that it be set aside and for proceedings consistent with this opinion.