**COMMONWEALTH of Kentucky, DE- PARTMENT OF HIGHWAYS, Appellant,**

v.

**Ellene SNYDER, Appellee.**

Court of Appeals of Kentucky.

Jan. 24, 1958.

Jo M. Ferguson, Atty. Gen., T. W. Johnson, Asst. Atty. Gen., for appellant.

Byron, Sandidge & Holbrook, Owensboro, for appellee.

CLAY, Commissioner.

This is a condemnation proceeding brought by the Commonwealth under the provisions of KRS 177.081 to 177.089. The appellee landowner was awarded $6,300 damages for the taking of two parcels of land after a jury trial in the circuit court. The Commonwealth asks reversal on the grounds: (1) the trial court improperly awarded the burden of proof to the landowner, and (2) the damages are excessive.

■ For many years it has been the established rule in Kentucky that when *both parties* appeal to the circuit court in a condemnation proceeding, as was the case here, the burden of proof upon a trial of the issue of damages before a jury is upon the condemner· Louisville & N. R. Co. v. Hargis, 230 Ky. 806, 20 S.W.2d 991; Johnson County ex rel. Vanhoose v. Boyd, 293 Ky. 337, 339, 168 S.W.2d 1019; Commonwealth Department of Highways v. Baldwin, 312 Ky. 782, 229 S.W.2d 744.

In Gulledge v. Texas Gas Transmission Corp., Ky., 256 S.W.2d 349, 352, we held that "where the landowner appeals" under KRS 416.230 to 416.310 the burden of proof as concerns this issue is upon the landowner. It was pointed out that under those statutes, since the condemner had the right to take the land upon paying the compensation awarded by the commissioners regardless of the trial in the circuit court, the landowner would be the defeated party if no evidence was introduced on either side, and consequently he should have the burden of proof. See CR 43.01(2). A similar decision was reached in Citizens Fidelity Bank & Trust Company v. Jefferson County, Ky., 283 S.W.2d 1.

In the last two cited cases the landowner was the only party who appealed. Appellee contends, however, that the reasoning in those opinions justifies our holding that the same principle applies when both parties appeal. This does not follow. Insofar as the appeal is concerned, the condemner would similarly be the defeated party (on the questions raised by him on the appeal) if no proof was introduced.

The burden of proof relates to the "whole action". CR 43.01(2). It is clear that initially the condemner has the burden of proof in the whole action and ordinarily this burden does not shift to the other party. Moss v. Mittel, 253 Ky. 504, 69 S.W.2d 1046. An appeal by the condemner is simply a continuation of the original proceeding and the burden of proof remains with him, even if the landowner also appeals.

■ If the condemner does not appeal an award, he has been successful in the action and the original burden of proof is extinguished. If then the landowner alone appeals, he assumes a new burden of proof on the issue of damages since he becomes the only party who would be defeated on this issue if no evidence was introduced. This is the effect of our rulings in the Gulledge and Citizens Fidelity cases, last above cited.

We can find no justification for changing the well established rule that where both

parties appeal from a condemnation award the burden of proof remains on the condemner. For this reason the judgment must be reversed, and it is unnecessary to consider the alleged excessiveness of the damages.

The judgment is reversed for proceedings consistent with this opinion.