DIVISION OF PARKS, DEPARTMENT OF
CONSERVATION, Commonwealth of
Kentucky, Appellant,

v.

A. B. HINES, Appellee.

Court of Appeals of Kentucky.

June 20, 1958.

Rehearing Denied Oct. 3, 1958.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellant.

Bert T. Combs, Barkley J. Sturgill, Prestonsburg, for appellee.

CULLEN, Commissioner.

A. B. Hines recovered judgment in the sum of $10,000, on a jury verdict, against the Division of Parks of the Department of Conservation of Kentucky, as damages for breach of contract. The Division has appealed.

In March 1956, Hines entered into a written contract with the Division of Parks, under which he was given the privilege of operating a horseback riding concession in Dewey Lake State Park. The contract did not specify any term, but it provided that it could be cancelled by either party by written notice at the close of the operating season (testified as being from April through October). The contract required Hines to keep the premises assigned to him in a clean and orderly condition, and to operate the concession in a manner which would not adversely affect the park or its policies. As consideration for the concession, Hines was required to pay to the Division, not less than four days after the end of each month, a sum equal to ten percent of his gross receipts for the month. The Division was authorized to cancel the contract for a breach of any of its conditions.

Hines erected stables, a tack room and a pony ring, and commenced operations in

April. On June 29 the Division sent him written notice cancelling the contract, assigning as reasons (1) a failure to keep his concession area in a sanitary condition, (2) "a report that you and your wife have been fighting and causing continual disturbance in the area of the bathing beach," and (3) "in general your operation has adversely affected the operation and policy" of the park.

Hines sought damages for loss of profits and for the reasonable value of his stables, tack room and pony ring. The instructions authorized recovery of not to exceed $9,000 for loss of profits, and not to exceed $6,000 for the value of the stables, etc. The verdict was for a flat sum of $10,000, not separated as to items of damage.

■ The first contention of the appellant is that the court erred in ordering a jury trial, since no demand had been made for one in accordance with CR 38.02. On the day of trial the appellant moved that the case be tried without a jury, but the appellee objected to the motion and asked for a jury trial, and the court so ordered. This being a case triable of right by a jury, the court had discretion under CR 39.02 to order a jury trial, upon motion, even though there had been no formal demand for one. We can find no basis for holding that the order here was an abuse of discretion.

■ The appellant next contends that the admission in evidence of an invoice for building materials allegedly purchased by Hines from a lumber company was error, because the invoice did not bear any vendee's name or other indication that Hines was the purchaser. The appellant is not entitled to raise this point because he did not object upon the trial to the admission of the evidence. CR 46. Furthermore, we consider this contention to be captious, for Hines testified directly that he did purchase the material covered by the invoice.

■ A third contention is that the appellant was entitled to a directed verdict. This is on the theory that the Division of Parks was authorized to cancel the contract because Hines did not pay to the Division the ten percent commission on his May receipts within four days after the end of the month, but instead gave a "cold check" which has never been honored. This contention is not sustainable because, first, there was evidence that the park manager waived the four-day requirement and agreed to "hold" the check for a few days, and second, the failure to make the payment was not assigned as a reason in the letter to Hines cancelling the contract, and appears to have been an afterthought. There was ample evidence that the assigned reasons for cancellation were not supportable.

■ It is next maintained that the instructions were erroneous in authorizing recovery up to $9,000 for loss of profits, and up to $6,000 for the value of the stables, tack room and pony ring, when the evidence did not show damages in those amounts. No objection was made to the instructions, and therefore the appellant cannot complain of error in them. CR 51.

■ Finally, it is asserted that the damages are excessive. As concerns loss of profits, the evidence was that Hines grossed $1,240 in May and $1,000 in June. He estimated that his net profit was $600 for each of these months, and that his profits for the entire season would have been from $8,000 to $9,000. While his estimate of the season profits obviously is extravagant, we think that the jury was entitled to take as common knowledge that July, August and September are peak months of park patronage, and to reach a reasonable conclusion that substantially increased profits would be received for those months. An allowance in the neighborhood of $4,000 for lost profits through October would not be beyond reason.

Hines testified that the stables, etc., cost around $5,000 and that their market value was close to $6,000. There was no objection to this testimony, nor any offer of other evidence as to value. There was evidence

that the Division of Parks had appropriated these structures and devoted them to its own uses.

While the allowance of total damages of $10,000 was liberal, the evidence concerning the items. making up the damages could sustain substantially that amount, and we cannot say that the verdict is so excessive as to show passion and prejudice.

The judgment is affirmed.