COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

L. Dow KENNARD et al., Appellees.

Court of Appeals of Kentucky.

Jan. 27, 1961.

Jo Ferguson, Atty. Gen., Astor Hogg, Chief Asst. Atty. Gen., J. Sidney Caudel, Dept. of Highways, Owingsville, for appellant.

George Gallup, Catlettsburg, J. G. M. Robinson, Ashland, for appellees.

MOREMEN, Judge.

This is a condemnation proceeding by the Commonwealth under the provisions of Chapter 177 of the Kentucky Revised Statutes to acquire an additional right-of-way area in order to widen U. S. Highway 23 between Catlettsburg and Louisa.

On June 11, 1957, appellee Kennard and his wife purchased a tract of approximately nine and a half acres on Highway 23, about half of which was hillside land and half bottom land on the river. On this strip Kennard built a modern seven-room brick home and utilized in its construction some of the material and structural parts from an old house which stood on the same site.

In the circuit court judgment was entered for appellees in the sum of $34,500 for land taken and $1,000 resultant damages, making a total of $35,500. On this appeal it is contended that the verdict of the jury was grossly excessive and the result of passion and prejudice on its part.

The award of the commissioners, which was affirmed by judgment of the county court, was $25,200.

On appeal, the Commonwealth produced competent men—two of whom were right-of-way agents and one was senior review appraiser for the Highway Department—who gave their opinions of the value of the property. The average valuation was $23,284.66. Appellee, himself, testified as to the value and introduced three disinterested, qualified witnesses in his behalf. The mean valuation was $42,241.45.

The jury returned a verdict of $35,-500. We are unable to find, under the facts presented in this case, that the jury was acting under the stimuli of passion and prejudice or that the value was so inflated as to be rendered unacceptable. Commonwealth v. Clarke, Ky., 340 S.W.2d 442.

Appellant earnestly insists that appellee constructed the house on a portion of his property when he had knowledge that the Department of Highways intended to build a road over this section of his land. Although we are not convinced from the evidence that appellee had such knowledge, still the question was not properly raised.

In the petition filed in the county court no allegation was made that appellee attempted illegally to enhance the value of his property and in the statement of appeal to the circuit court no allegation was made that appellee knew the land was to be taken at the time he erected his home.

We have in the record the opening statement of counsel for appellant in which it was asserted that appellee had such knowledge and that appellee was questioned at some length on cross-examination about his motive for building this home. However, the case was submitted to the jury on instructions which were prepared and offered by the Commonwealth and these instructions, being in the usual form, did not submit this question to the jury nor was the matter raised by appellant's motion and grounds for a new trial filed in the circuit court.

We recognize that under the new rules the requirements of specific allegations are not as rigid as those which formerly existed but under them the opposing party should be given at least an intimation of the issues it will be forced to meet and answer. Under CR 8.03 various defenses are set out which must be affirmatively pled, such as fraud and illegality. This must be done "in pleading to a preceding pleading"—the plain purpose of the section being that in cases of unusual allegations the adversary must be apprised of the position to be taken.

In the case at bar if the Commonwealth believed that appellee had fraudulently attempted to enhance the value of his property for the purpose of obtaining a greater award, a statement of that belief should have been indicated in the petition filed in the county court or in exceptions to the award or in the statement of appeal to the circuit court.

We have said that we are not convinced from the evidence offered that appellee had knowledge of the proposed widening of this road, but in any event the question was not properly raised in the courts below and cannot properly be raised here.

The judgment is affirmed.

MONTGOMERY, J., dissenting.