**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**R. T. VINCENT et al., Appellees.**

Court of Appeals of Kentucky.

May 18, 1962.

John B. Breckinridge, Atty. Gen., C. E. Skidmore, Department of Highways, Frankfort, Frank D. Berry, Madisonville, James H. Lucas, Bowling Green, for appellant.

Sam Boyd Neely, Martin, Neely & Reed, Mayfield, for appellees.

WADDILL, Commissioner.

On an appeal to the Graves Circuit Court from a county court award of $9,071, Robert Vincent and his wife recovered a verdict and judgment of $25,000 in a condemnation suit brought by the Commonwealth for construction of a bypass around the city of Mayfield. The verdict fixed the value of 9.24 acres of farm land taken from the Vincents at $15,000 and resulting damages to the remainder of their farm at $10,000. The land condemned was a portion of a 55-acre farm located about ½ mile from Mayfield which was shown to be reasonably adaptable for use as a residential subdivision.

Appealing from the judgment entered in the circuit court, the Commonwealth assigns as error: (1) The admission in evidence of a subdivision plat prepared after the condemnation proceeding was filed; (2) the verdict was based on incompetent testimony; (3) the failure of the instructions to state a proper basis for determining damages; and (4) the excessiveness of the verdict.

Over appellant's objections the trial court permitted a plat to be introduced by the Vincents showing their entire 55 acres divided into a residential subdivision, although the property itself was not actually subdivided on the ground. The plat was offered in evidence solely to show the susceptibility of the land for use as a subdivision. For this limited purpose the plat was proper evidence. Commonwealth Dept. of Highways v. Evans, Ky., —— S.W.2d —— (decided May 4, 1962). Adaptability for particular uses to which the land may reasonably be put is a proper factor for the jury's consideration in assessing damages. East Kentucky Rural Electric Co-op. Corp. v. Smith, Ky., 310 S.W.2d 535.

Appellant urges that the verdict was based on incompetent evidence. Two witnesses stated, without objection, that residential lots on the Vincent farm would have sold for $1,000 to $1,500 each and they apparently calculated the damages on that basis. While there is a serious question of whether this testimony was competent, it was not preserved for review in this Court by either a specific objection to the testimony or by the scope of the objections made to the introduction of the previously men-

tioned subdivision plat of the Vincent farm. CR 46; Division of Parks, Department of Conservation v. Hines, Ky., 316 S.W.2d 60. Appellant also claims that the trial court erred in permitting the landowner to testify concerning his intention to sell residential lots on his farm. Since it was shown that the land was adaptable to such use and there was a reasonable expectation that in the near future the farm could have been divided into lots, the landowner was entitled to have this evidence considered by the jury. East Kentucky Rural Electric Co-op. Corp. v. Smith, supra.

■ An instruction offered by the Commonwealth would have authorized the jury to fix damages at the difference between the fair market value of the Vincent property immediately before it became generally known that the bypass would be constructed and its fair market value just after the land was taken by condemnation. The proffered instruction was apparently premised upon certain language used in Commonwealth Department of Highways ex rel. v. Baldwin, 312 Ky. 782, 229 S.W.2d 744. In the instant case there was no evidence introduced concerning when it became generally known that the bypass would be constructed around Mayfield. Consequently the court did not err in refusing to give this instruction.

■■ Finally, as to whether the verdict was excessive, we observe that the landowners' witnesses, who were familiar with the Vincent farm and with land values in its vicinity, estimated the difference in the before and after value of the farm at amounts ranging from $28,000 to $40,000. When witnesses assign sound reasons for their estimates of damage, as here, we are unable to hold that the verdict is a result of passion and prejudice on the part of the jury. Commonwealth Dept. of Highways v. Hall, Ky., 353 S.W.2d 548; Commonwealth Dept. of Highways v. Kennard, Ky., 342 S.W.2d 531. Therefore, we cannot reasonably say that the sum awarded is excessive.

Judgment affirmed.

MONTGOMERY, Judge (dissenting).

I respectfully dissent from the majority opinion because I feel that the objection made to the testimony concerning residential lots was preserved and the damages are excessive.

During the cross-examination of a witness for the Commonwealth, appellees' counsel, over objection made, introduced a subdivision plat of the land in controversy. At that time counsel for the Commonwealth stated that he wished to object to any testimony or any maps showing the intended use of the property as a subdivision, and referred to a case in which the Commonwealth had been required to pay for graveyard lots in a similar instance. Exception was granted to the court's denial of the objection and counsel then requested a standing objection to all questions with reference to the landowners' intended use of the land for subdivision purposes. Counsel for appellant then specifically objected to the next twenty or thirty questions asked concerning the proposed subdivision.

The single issue to be determined in this condemnation proceeding is the one of value of the land taken and the damages resulting to the remaining land. The sole purpose for which the subdivision plat was sought to be introduced was to influence the jury in arriving at the amount of damages to be awarded. The landowners were permitted to introduce evidence of the value of the platted lots in the proposed subdivision. One must be blind to reality to ignore the fact that such evidence did influence the jury. I feel that the objections made were sufficient to apprise the trial court that evidence as to the value of the land as subdivided lots was objectionable.

Further, there was evidence that the 55-acre farm was listed for taxes at $4,500. The landowners fixed the value of the home and outbuildings at $12,000 to $16,000. When these factors are considered with the other testimony and the amounts awarded, it is evident that the verdict was excessive.

In this case the substantial rights of the appellant have been affected by a palpable error, and even though it may have been insufficiently raised or preserved for review, relief should be granted to correct a manifest injustice. CR 61.02. The judgment should be reversed.