COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v

Richard F. McCREADY et al., Appellees.[1]

Court of Appeals of Kentucky.

Oct. 4, 1963.

---

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., James B. Stewart, Leslie Aberson, Dept. of Highways, Frankfort, for appellant.

Stephen T. Davis, Marshall McCann, Jr., White & McCann, Winchester, for appellees.

MONTGOMERY, Judge.

The Department of Highways of the Commonwealth of Kentucky brought condemnation proceedings against certain lands owned by appellees, Richard F. McCready and wife, to secure a right of way for Interstate Highway 64. Both parties appealed from the county court commissioners' award of $52,756.26. In circuit court the jury awarded $52,049.54. The Department appealed.

Appellees purchased the land in question in 1946 as part of a rectangular 30-acre tract lying just north of U. S. Highway 60 and near the west city limits of Winchester. At that time the 6 acres fronting on the highway were laid out in lots. They were subsequently sold. In 1950, with the aid of the Federal Housing Administration, a detailed topographical map of the remainder of the original tract was made. All elevations and depressions were shown. Lines were drawn dividing the tract into lots. Also in 1950 appellees recorded a plat including sixteen lots located just north of the original plat of lots next to U. S. Highway 60. Another similar plat of sixteen lots was recorded in 1952. In 1956 a similar plat of sixteen lots located just north of the lots shown on the 1952 plat was recorded. The 1956 plat includes five lots, Nos. 1, 4, 5, 8, and 12, of which varying portions were taken for the right of way.

The other parcel of land involved here is 11.4 acres lying immediately north of the lots shown on the 1956 plat. This acreage had not been developed at the time of the taking. Out of this 11.4 acres appellant took 3.13 acres for the right of way. The remaining 8.27-acre tract was severed from the remainder of the original tract. The principal controversy concerns the value of the 3.13 acres taken and the resulting damage to the 8.27 acres.

During the trial the FHA plat was introduced for the ostensible purpose of showing the topography of the land, but reference also was made to the lines setting off the proposed lots on the plat. The right of way sought to be taken was indicated thereon.

Appellant urges that the trial court erred in allowing the introduction of the plat as purporting to show a condition which it contends was nonexistent at the time of taking, and further in allowing appellees' witnesses to place a developed subdivision lot value on an undeveloped tract which should have been considered as farm land. Appellant insists that the FHA plat created an image of developed land in the minds of the jurors because lots were actually laid off on it.

For the appellees it was shown that the entire tract of 30 acres sloped upward from U. S. Highway 60 and leveled off in a plateau from the right of way sought to the rear of the tract. It also was shown that the progressive development of the tract was more advantageous in obtaining

better prices for the lots and as an income tax proposition. Water, gas, electricity, and streets were accessible to the land in controversy.

 It was not error to admit the plat. In substance, the testimony shows that the land in question had been purchased for the purpose of development as a subdivision long before interstate highways had been conceived. More than half of the tract had already been developed. The entire tract was being developed schematically and progressively as a subdivision. In such case the plat was admissible to show the topography of the ground and the susceptibility of the land for use as a subdivision. Commonwealth Department of Highways v. Vincent, Ky., 357 S.W.2d 678; Commonwealth Department of Highways v. Evans, Ky., 361 S.W.2d 766.

 Appellant's second contention that appellees' witnesses were allowed to put a developed subdivision lot value on an undeveloped tract is equally without merit. This concerns the 11.4 acres. The witnesses testified to the value of the land for subdivision purposes and then made appropriate allowances for developing it. One witness, in describing how he arrived at a value, said that he took into account the number of lots that could be produced, comparable sales in similar subdivisions, allowance of a reasonable time in which to sell the lots, and cost of development of the subdivision, including installation of utilities and paved streets. The procedure used by appellees' witnesses was similar to the procedure used by appellant's witnesses, who treated the land as subdivision lots instead of as farm land. The witnesses testified to varying values. The jury was thus left to fix a value based on the testimony heard. There being no showing of bias or prejudice, the verdict should stand. Commonwealth v. Gilbert, Ky., 253 S.W.2d 264.

Judgment affirmed.