**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Essie H. BENNETT, Administratrix, et al.,
Appellees.**

Court of Appeals of Kentucky.

Feb. 26, 1965.

Robert F. Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Dandridge F. Walton, Madisonville, Joyce Ferris Nedde, Highway Dept., Frankfort, for appellant.

William F. Bennett, David C. Brodie, H. Randolph Kramer, Owensboro, for appellees.

HILL, Judge.

This is a highway right-of-way condemnation action instituted in Daviess County by the Commonwealth of Kentucky, Department of Highways, pursuant to KRS 177.081 et seq., to acquire a lot 30 by 162.4 feet for use in extending Breckenridge Street. There was on this lot a one-story brick building under lease and operated by the Fourth Street Bar. The entire lot is sought.

Daviess County Court entered judgment in favor of appellees for $8,000.00. The trial in circuit court resulted in a jury verdict and judgment of $17,000.00. Only the Commonwealth appeals to this Court, stating the following grounds for reversal:

1. The witnesses for appellees should have been required to state the definition of market value upon which they had based their valuation estimates and it was error for the court to permit counsel for appellees to read a definition of fair market value to the witnesses.

A. The trial court erred in admitting valuation testimony based upon sales

which were not comparable or indicative of market value.

B. It was error for the trial court to overrule appellant's motion to strike valuation testimony which was based on asking price.

2. The trial court erred in admitting valuation testimony which was based on appraisals made after the date of taking.

We shall discuss these grounds in the order presented by appellant.

We hasten to state we cannot agree that witnesses for appellees "should have been required to state the definition of market value." In the first place, lay witnesses ordinarily do not know the technical definition of market value. In fact, the courts have trouble determining its various elements. In the second place, it is good practice for the trial judge, or the attorney for the party offering a witness, to make it clear the witness knows, as best he can, the meaning of market value.

■ Appellant next complains of evidence of the witnesses, Christie and Morton, pertaining to another sale made in 1960 of a vacant lot by John B. Bradley to Mills Brothers Drug Store for a parking lot. It is urged this is not a comparable sale. True there are some differences in the Bradley lot and the appellees' property. It is difficult to locate identical sales. This sale furnished some evidence of market value. These witnesses were otherwise qualified as witnesses on market value. Their testimony cannot be eliminated because of this one isolated reference to what they thought a comparable sale.

■ Ground I-B urges the testimony of Harry Bottorf should not have been admitted because this witness considered the "asking" price of other property. The testimony of this witness, taken in context, indicates to us it is competent. We quote from his testimony:

"I used some values of what a man would take to have to sell it, and some other values where property was sold in that territory."

He testified he had been a banker over forty years; that he was "executive head" of Central Trust Company of Owensboro, and was formerly "head" of the Farmers & Traders Bank of the same city; that he owned real estate; that he had made many loans on real estate in this vicinity without loss; that he made appraisals. The sound rule announced in Commonwealth of Kentucky, Department of Highways v. Darch, Ky., 374 S.W.2d 490, 492 (1964) does not apply here. In the Darch case, the "value to the owner" was the prime consideration of the qualifying witness. For the same reason Commonwealth v. Begley, 272 Ky. 289, 114 S.W.2d 127 (1938) does not govern the case at bar. The Court said in the Begley case the witnesses "completely nullified the effect" of their opinions by admitting they based their opinion on value of "what people asked for their property." Here, the witness had long and varied experience. His casual reference to asking price of other property only tended to show his familiarity with the market for property. His testimony taken as a whole clearly indicates he was qualified to testify on "market value." The trial court correctly overruled appellant's motion to strike this testimony.

■ The final ground relied on for reversal pertains to evidence on valuation based on appraisal made after the date of taking. The witness, Morton, testified it was about six weeks ago, meaning, we take it, six weeks before he testified. He was familiar with this lot and improvements, and had been for some time. We think the actual time he made up his mind, as to its appraised value, is unimportant so long as it was within a reasonable time of the taking. This conclusion is not a material deviation from the rule announced in Commonwealth, Dept. of Highways v. Baldwin, 312 Ky. 782, 229 S.W.2d 744 (1950), and Gulf

Interstate Gas Company v. Garvin, Ky., 303 S.W.2d 260 (1957).

Appellant does not complain of the amount awarded by the jury.

The judgment is affirmed.