COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Buford COMBS et al., Appellees.

Court of Appeals of Kentucky.

Feb. 26, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Deddo G. Lynn, Lexington, for appellant.

Charles R. Coy, James S. Chenault, Chenault & Coy, Richmond, for appellees.

PALMORE, Judge.

This is a highway condemnation suit in which the state acquired a narrow strip of road frontage from a 7½-acre tract in Madison County near the city limits of Richmond. The jury returned an award of $2840. The condemnor appeals from a judgment in that amount.

The state offered three valuation witnesses, two of whom had been employed by it and were not residents of Madison County and the other of whom, Richard Tipton, was a farmer and lifelong resident of the county. Tipton had served as one of the

commissioners appointed by the county court to fix the preliminary award pursuant to KRS 177.083. After he had answered questions directed to his qualifications as an expert witness the landowners objected to further testimony by him, whereupon a conference took place at the bench and the witness was excused. The court later admonished the jury as follows:

"Members of the jury, for reasons sufficient to the Court, you are admonished to disregard the testimony of Mr. Tipton who started to testify earlier this morning, and so, that's all I need to say about it."

At the close of the state's evidence in chief an avowal was made to the effect that the objection had been sustained on the ground that Tipton had served as one of the county court commissioners, and that if allowed to testify he would have given a figure of $532 as the total damage resulting from the condemnation.[1] The landowners stipulated that the witness, "had he been permitted to testify, would have testified in substance" as set forth in the avowal.

Following introduction of the avowal the trial court made this explanatory comment for the record:

"My position is that I don't think the appraisers should be used as witnesses here unless it is the kind of case where they can't get anybody else along that line. I don't want to say that I think it is incompetent, but I think the Court of Appeals has found that it ought to be discouraged and should not use them unless it is almost an emergency."

We have detailed this particular aspect of the proceeding because the landowners now contend, in view of the comment by the trial court, that Tipton's evidence was not really excluded, that the state could have gone ahead and introduced it but chose not to do so. It seems to us, however, that the fair import of the record is that the objection was sustained and that it was so understood by the parties at the time.

In Tennessee Gas Transmission Co. v. Million, 314 Ky. 137, 234 S.W.2d 152, 158 (1950), and Gulledge v. Texas Gas Transmission Corp., Ky., 256 S.W.2d 349, 352 (1953), the court "disapproved the practice of using in the circuit court, as witnesses on the question of valuation, the commissioners appointed in the county court, *where the circumstances are such that the commissioners, on appointment, might anticipate employment as witnesses.*" (Emphasis added.)

There is nothing in this record to suggest that at the time he was appointed or was acting as a commissioner Tipton had any reason to anticipate employment as a witness, or even that he was in fact thereafter "employed" in the sense of remuneration. Hence the disapproval expressed in the cited decisions does not apply to this case.

█ It was held categorically in Commonwealth, Dept. of Highways v. Evans, Ky., 361 S.W.2d 766, 770 (1962);[2] that a witness who has served as a commissioner may give valuation testimony in the circuit court proceeding so long as he does not indicate the amount of the county court award. In other words, such evidence is competent, from which it follows that its exclusion is erroneous.

█ As the witness Tipton was a native and citizen of Madison County and the other valuation witnesses used by the state were not, we cannot ignore the obvious desirability of his testimony from the state's point of view. It is our conclusion that its rejection was prejudicial.

The other questions raised on this appeal may not arise in the retrial of the case, so we reserve discussion of them.

The judgment is reversed with directions for a new trial.

1. The other two state witnesses had estimated the amount to be $400.

2. In which a commissioner testified for the condemnee.