**EAST KENTUCKY RURAL ELECTRIC CO-OPERATIVE CORPORATION, Appellant,**

**v.**

**Robert STORY and Bernice Story, his Wife, Appellees.**

**EAST KENTUCKY RURAL ELECTRIC CO-OPERATIVE CORPORATION, Appellant,**

**v.**

**W. G. WALTON and Viola Walton, his Wife, Appellees.**

**EAST KENTUCKY RURAL ELECTRIC CO-OPERATION CORPORATION, Appellant,**

**v.**

**Opal ROSE, Widow, Appellee.**

Court of Appeals of Kentucky.

March 31, 1967.

Marvin W. Suit, Flemingsburg, E. R. Denney, Lexington, for appellant.

Fox, Wood & Wood, Maysville, Richard L. Hinton, Flemingsburg, for appellees.

DAVIS, Commissioner.

Three appeals, which involve condemnation proceedings tried together in the circuit court, are disposed of in this opinion. The appellant company is acquiring an easement for the construction and maintenance of an electric transmission line across the farms of the respective appellees. In each instance the easement is 100 feet in width (except for a slightly greater width in a portion of the easement across the Story farm). The appellant contends that the verdict is excessive in each case; in each of the cases the appellant contends that the appraisal witnesses for the landowners "impeached their own testimony."

In the Story case the easement extends 2,996 feet through the 87-acre farm; as

noted the width of the easement is 100 feet, except for a slight portion of its distance, at which the width is 135 feet. There will be a high-voltage transmission line and an underbuilt distribution line, strung on two H-frame two-pole structures, plus nine single poles. Eleven anchor rods will be required to "guy" the structures. The total acreage included in the easement is 6.92 acres; the jury's verdict was $8,200 in the Story case.

The Walton farm contains 127 acres; the easement extends through it a distance of 2,492 feet, at a width of 100 feet, and embraces 5.72 acres. In crossing the Walton farm the line is strung on six H-frame two-pole structures, requiring four anchor rods. The jury verdict in the Walton case was $5,000.

The Rose farm has 263 acres, and the easement over it is 2,981 feet in length and 100 feet wide, and contains 6.84 acres. On the Rose land the lines are strung on one single-pole structure, having two anchor rods, plus six H-frame two-pole structures which have no anchor rods. The jury's verdict in the Rose case was $5,500.

■ The appellant complains that the three men who served as commissioners in the county court testified for the landowners in the circuit court, and expressed opinions somewhat higher than the county court awards. It is to be noted that it was upon cross examination by the appellant that the prior service as county court commissioners was disclosed. The three witnesses explained that they had formulated higher opinions than they had entertained earlier, because they had first viewed the land without the lines across it. The discrepancies between their testimony and their awards related to the probative value of their evidence, but did not disqualify them as witnesses. Commonwealth, Dept. of Highways v. Combs, Ky., 387 S.W.2d 592.

■ Appellant contends that it was patently erroneous for the jury to award more per acre for the easements than the per-acre value of the land in fee simple. This is not a valid argument except as it may be related to the question of excessiveness of the verdicts. We think it is plain that there could be situations in which an easement would result in a diminution in market value greater than the per-acre value of the fee.

■ However, it is the view of the court that the verdict in each of the cases is excessive and appears at first blush to have been reached as the result of passion and prejudice. CR 59.01(4). It is to be noted that the land embraced in the easements yet remains usable by the respective owners, except for the location of the poles and anchors. No building or improvement is disturbed. As has been said often, "there is no definite yardstick which a court may apply in deciding whether damages are excessive in a given case." See East Kentucky Rural Electric Cooperative Corp. v. Rand, Ky., 357 S.W. 2d 890, in which a verdict was sustained as not being excessive. In 8 Ky. Digest, Eminent Domain, ☜150, many cases are collated in which the troublesome question has arisen. Even without the "definite yardstick," the verdicts at hand impress the court as excessive.

The judgment is reversed in each of the cases for further proceedings consistent with the opinion.

All concur.